FILED -PS-O-

2008 JUN 25 AM 11:58

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID MCMATH, 06A2314,

      Plaintiff,

-v-

**DECISION AND ORDER**
08-CV-0257M

DR. DANIEL WEINSTOCK,
NYS DEPT. OF CORR. and
STATE OF NEW YORK,

      Defendants.

---

## INTRODUCTION

Plaintiff, David McMath, an inmate of the Five Points Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the defendants, Dr. Weinstock, the New York State Department of Corrections and the State of New York violated his rights by the failure of medical staff at Five Points Correctional Facility to acknowledge and address the serious problems with his feet, as a diabetic, caused by state issued boots. He has several sores on his feet, his blood pressure is high, and his health and eyesight have deteriorated. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and service by the U.S. Marshals is ordered.

## **DISCUSSION**

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action. Therefore, plaintiff is granted permission to proceed *in forma pauperis*.

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court shall dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a); see also *Abbas v. Dixon*, 480 F.3d 636 (2d Cir. 2007).

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200 (2007) (quoting *Bell Atl. Corp. v. Twombly*, --- U.S. ----, ----, 127 S.Ct. 1955, 1959 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))(further internal quotation marks omitted); see also *Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly*). "A document filed *pro se* is to be liberally construed, ..., and a *pro se* complaint, however inartfully

2

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson,* 127 S.Ct. at 2200 (internal quotation marks and citations omitted).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton,* 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido,* 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that plaintiff can state a claim under 42 U.S.C. § 1983.

In addition, although a state or state agency cannot be sued under § 1983[1], plaintiff appears to be able to state a claim against these entities under the Americans with Disabilities Act, 42 U.S.C. § 12132, or other remedial statute. For that reason, the action may go forward against the Department of Corrections and the State of New York at this time.

---

[1] *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66 (1989); *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 98-100 (1984). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). "An official arm of a state," such as the State Department of Correctional Services, "enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself." *Posr v. Court Officer Shield No. 207,* 180 F.3d 409, 414 (2d Cir. 1999).

3

## **CONCLUSION** and **ORDER**

Plaintiff is granted permission to proceed *in forma pauperis* and the complaint has been reviewed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

The Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the named defendants without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: June 25, 2008