UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID MCMATH,

                         Plaintiff,

v.

DR. DANIEL WEINSTOCK,
DEPT. OF CORRECTION NEW YORK STATE,
STATE OF NEW YORK,

                         Defendants.
_____

**REPORT AND RECOMMENDATION**

08-CV-00257(S)(M)

This case was referred to me by Hon. William M. Skretny for supervision of pretrial proceedings, including preparation of a report and recommendation on dispositive motions [28].[1] Before me is defendants' unopposed motion for summary judgment [31]. Oral argument was held on May 7, 2010. For the following reasons, I recommend that defendants' motion be granted.

**BACKGROUND**

Plaintiff commenced this 42 U.S.C. §1983 action *pro se*, alleging that while he was incarcerated at Five Points Correctional Facility defendants were deliberately indifferent to his foot condition in violation of the Eighth Amendment. Complaint [3]. When plaintiff arrived at Five Points Correctional facility on July 18, 2007, it was noted that he had diabetes and complained of having difficulty ambulating. Weinstock declaration [35], Ex. A, #20. He was then seen by the medical staff on July 23, 2007 for an ingrown toe nail, and at that time complained that the boots provided to him caused foot pain. Id., #60. Plaintiff was referred to an

---

[1]     Bracketed references are to the CM/ECF docket entries.

outside provider. Id. On August 6, 2007, he was again seen by the medical staff for foot pain and was prescribed Ibuprofen. Id., #59. On August 21, 2007, plaintiff complained that his special issue medical boots, which are intended for patients with deformities of their feet or with diabetes, were not properly sized. Weinstock declaration [35], ¶46. A consultation was requested to have plaintiff re-sized, and he was approved to receive a new pair of special issue medical boots. Id.

On August 27, 2007, plaintiff complained that his left toe was rubbing on his shoe and was given padded cushions to protect his toe. Weinstock declaration [35], Ex. A, #57. On August 30, 2007, plaintiff complained that his boots hurt and requested to be placed in medical keeplock until he received his new special issue medical boots. Weinstock declaration [35], ¶49. In protest, plaintiff refused to take his insulin though at least September 6, 2007. Id., ¶52. He against refused to take his insulin between November 16 and December 3, 2007, May 5 and 6, 2008, and August 3-6, 2008. Weinstock declaration [35],¶¶69, 82, 89. On September 11, 2007 plaintiff was offered a podiatry consultation to address the calluses on his feet, but he refused to sign the appropriate paperwork necessary for the consultation, which he had signed on prior occasions. Weinstock declaration [35], Ex. A, ##53, 150.

On December 4, 2007 plaintiff was seen by the medical staff for calluses and requested a podiatry consultation. Weinstock declaration [35], Ex. A, #50. Plaintiff was provided with callus pads. Id. On January 15, 2008 a routine diabetic evaluation was conducted by a physician's assistant, who found no neuropathy or tissue compromise from his diabetes. Weinstock declaration [35],¶73. Because plaintiff's calluses persisted, he was referred to a podiatrist. Id. On February 27, 2008 plaintiff was seen by a podiatrist, who noted that his

diabetes was in "poor control", and trimmed his calluses. Weinstock declaration [35], Ex. A, #201. A four-month follow-up examination was scheduled at the recommendation of the podiatrist. Weinstock declaration [35],¶78.

On April 24, 2008, plaintiff requested to see a podiatrist for the calluses on his feet. Weinstock declaration [35], Ex. A, #43. He was seen by the podiatrist again on June 18, 2008, and it was recommended that plaintiff be fitted for new orthopedic boots. Id., #197. Another four-month follow-up evaluation with the podiatrist was scheduled. Weinstock declaration [35],¶84. On July 1, 2008, the recommended boots were ordered for plaintiff. Id., ¶¶87, 97. He was seen by an orthotist on August 27, 2008, and received his boots on October 23, 2008. Id. While awaiting his recommended boots, plaintiff complained of calluses, which were shaved by the medical staff, and was seen by the podiatrist on October 22, 2008. Id., ¶¶88, 96.

Although plaintiff repeatedly requested a sneaker permit, sneaker permits are not required at Five Points. Weinstock declaration [35],¶¶43, 44, 55. According to defendant Daniel Weinstock, M.D., the physician at Five Points, plaintiff's foot condition is not associated with his diabetes. Id., ¶¶102-103.

Plaintiff was also given a routine ophthalmology examination for diabetic retinopathy, which occurs from long-term diabetes. Id., ¶¶75-56.

Following the close of discovery, defendants moved for summary judgment on March 9, 2010 [20].

**ANALYSIS**

Although plaintiff was served with a copy of defendants' motion, the notice to *pro se* plaintiff as required by Local Rule 56.2 (which cautioned him that his failure to respond to the motion may result in his complaint being dismissed without a trial) [31], and the briefing schedule requiring his response by April 12, 2010 [30], plaintiff failed to file any written opposition to the motion, nor did he appear for oral argument of the motion.

Nevertheless, since "even unopposed motions for summary judgment must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law", D.H. Blair & Co., Inc. v. Gottdiener, 462 F. 3d 95, 110 (2d Cir. 2006), I must consider whether defendants have met their burden for obtaining summary judgment.

**A.     Summary Judgment Standard**

The standard to be applied on a motion for summary judgment in this Circuit is well settled. "'Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant[.] Summary judgment is improper if there is any evidence in the record that could reasonably support the jury's verdict for the non-moving party.'" Ford v. Reynolds, 316 F. 3d 351, 354 (2d Cir. 2003).

## B. DOCS and New York State Are Not Proper Defendants

Defendants argue that this court lacks subject matter jurisdiction over plaintiff's claims against DOCS and New York State by virtue of the Eleventh Amendment, and because they are not "persons" subject to suit under 42 U.S.C. §1983. Defendants' memorandum of law [34], point I. I agree.

"The Eleventh Amendment immunizes . . . DOCS, and New York State from liability in this action." Knowles v. Johnson, 2010 WL 1050973, *1 n.2 (S.D.N.Y. 2010). Additionally, "'neither a State nor its officials are 'persons' under §1983.' Thus, New York State [and] the DOCS . . . are not 'persons' within the meaning of §1983, and these claims must be dismissed for failure to state a claim upon which relief can be granted." Muller v. Costello, 1996 WL 191977, *6 (N.D.N.Y. 1996) (*quoting* Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989)). Therefore, I recommend that plaintiff's claims against DOCS and New York State be dismissed.

## C. Defendant Weinstock Did Not Violate Plaintiff's Eighth Amendment Rights

The Eight Amendment's "deliberate indifference" standard consists of both objective and subjective components. Hathaway v. Coughlin, 37 F. 3d 63, 66 (2d Cir. 1994), cert. denied, 513 U.S. 1154 (1995). Under the *objective* component, the alleged medical need must be "sufficiently serious." Id. A "sufficiently serious" medical need is "a condition of urgency, one that may produce death, degeneration, or extreme pain." Id. "Factors that have been considered include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial

pain." Chance v. Armstrong, 143 F. 3d 698, 702 (2d Cir. 1998). "The medical condition does not have to occur immediately; it suffices if the condition presents itself 'in the next week or month or year.'" Moore v. McGinnis, 2004 WL 2958471, *6 (W.D.N.Y. 2004) (Siragusa, J.).

To satisfy the *subjective* component, plaintiff must show that the defendant officials acted with a "sufficiently culpable state of mind" in depriving him of adequate medical treatment. Hathaway v. Coughlin, 99 F. 3d 550, 553 (2d Cir. 1996). "The subjective element of deliberate indifference 'entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" Id. *See also* Hernandez v. Keane, 341 F. 3d 137, 144 (2d Cir. 2003), cert. denied, 543 U.S. 1093 (2005) (likening the necessary state of mind to "the equivalent of criminal recklessness"). In order to be found "sufficiently culpable," the official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; [he] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Defendants concede that diabetes is a serious medical condition, thereby satisfying the objective component, but dispute whether plaintiff has satisfied the subjective component. Defendants' memorandum of law [34], p. 5. With respect to Dr. Weinstock's deliberate indifference, plaintiff alleges that Five Point's "medical staff . . . would not acknowledge anything. State issues [*sic*] boots cause me pain- discomfort - being diabetic did not mean anything to the medical staff. Dr. Weinstock would not allow me to see Podiatrice [*sic*] . . .eye doctor - no doctor." Complaint [3], p. 3.

-6-

These allegations are belied by the record. Whether plaintiff's foot condition is attributable to his diabetes or not, the record establishes that plaintiff received regular treatment for his feet by the prison's medical staff, received several pairs of special fitting boots, was seen by an orthotist, and repeatedly seen by a podiatrist. He was also seen by an ophthalmologist. Rather than suggesting indifference, the record demonstrates that plaintiff's complaints were addressed.

"Deliberate indifference [will not] be found when an inmate simply prefers an alternative treatment or feels that he did not get the level of medical attention that he desired." Shire v. Greiner, 2007 WL 840472, *12 (S.D.N.Y. 2007). Instead, plaintiff must establish that defendants "acted with a sufficiently culpable state of mind, *i.e.*, deliberate indifference. He must therefore show that prison officials intentionally denied, delayed access to, or intentionally interfered with prescribed treatment." Tafari v. Stein, 2009 WL 331378, *6 (W.D.N.Y. 2009) (Scott, M.J.), reconsideration denied, 2009 WL 1322317.

Even accepting the allegations of plaintiff's complaint as true, the record demonstrates that, at the very most, Dr. Weinstock's treatment plan constituted negligence or malpractice, but does not rise to the level of culpable recklessness. *See* Calloway v. Denane, 2009 WL 3064781, *4 (N.D.N.Y. 2009) ("Allegation of negligence or malpractice do not constitute deliberate indifference unless the malpractice involved culpable recklessness"). Plaintiff is also at least partially responsible for the delay in his treatment by declining to sign the necessary paperwork to be treated by a podiatrist in September 2007.

Mindful that "determinations made by medical providers within their discretion are given a 'presumption of correctness' when it concerns the care and safety of patients",

Mendoza v. McGinnis, 2008 WL 4239760, *11 (N.D.N.Y. 2008), I do not find that any deliberate indifference can be inferred from the treatment plaintiff received. Although plaintiff may question why Dr. Weinstock did not provide him with the proper boots earlier, "disagreements over treatment do not rise to the level of a Constitutional violation", Graham v. Gibson, 2007 WL 3541613, *5 (W.D.N.Y. 2007) (Siragusa, J.), as "the Constitution does not require that an inmate receive a particular course of treatment". Tafari, 2009 WL 331378, at *7. Therefore, I recommend that plaintiff's claim against Dr. Weinstock be dismissed.[2]

## CONCLUSION

For these reasons, I recommend that defendants' motion for summary judgment [31] be GRANTED.

Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by May 24, 2010 (applying the time frames set forth in Fed. R. Civ. P. 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

---

[2] Because I have recommended that plaintiff's claims be dismissed, I need not address Dr. Weinstock's argument that he is entitled to qualified immunity. Defendants' memorandum of law [34], point III.

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  Failure to comply with the provisions of Rule 72.3(a)(3), may result in the district judge's refusal to consider the objection.

**SO ORDERED**.

    /s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

Dated:  May 7, 2010